UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL ESTUPINAN-TRUJILLO,

Petitioner,

v.

U.S. ATTORNEY GENERAL, *et al.*

Respondents.

Case No. 1:26-cv-09037 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

Petitioner Daniel Estupinan-Trujillo is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241 and motion for a temporary restraining order in which he seeks his immediate release from custody. *See* Dkt. Nos. 1, 2. In December 2025, Petitioner was arrested for battery, and transferred to ICE custody in January 2026 after his criminal case was dismissed. Dkt. No. 8-1 at 3. Petitioner previously filed a habeas petition arguing that due process required he be released from custody or provided a bond hearing pursuant to 8 U.S.C. § 1226(a). *See Estupinan-Trujillo*, No. 1:26-CV-05238-VC, Dkt. No. 1. The Court denied the petition, as Petitioner had received a bond hearing in March 2026 at which the immigration judge found that Petitioner was both a danger to the community and a flight risk. *Estupinan-Trujillo*, No. 1:26-CV-05238-VC, Dkt. No. 1 at 3–4.

## I. DISCUSSION

In this subsequent petition and motion for a temporary restraining order, Petitioner argues that his detention has become unconstitutionally prolonged in violation of his procedural and substantive due process rights. Dkt. No. 1 at 6–7. Respondents oppose relief, arguing first that Petitioner must exhaust his administrative remedies by appealing his bond denial to the Board of

Immigration Appeals ("BIA") before seeking habeas relief. Dkt. No. 8 at 4. They further argue that Petitioner has not shown that his detention has become unconstitutionally prolonged. *Id*. at 3–4.

**A. Exhaustion**

As to exhaustion, where an immigration detainee has failed to exhaust his administrative remedies before seeking habeas relief, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). In determining whether exhaustion is required, courts consider (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988. However, even where these factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Id*. at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Assuming that the *Puga* factors favor exhaustion, waiver is appropriate. Petitioner has brought a due process challenge to his detention. "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up). Where the Petition presents constitutional due process concerns, there is "no reason to delay review in favor of allowing the BIA to possibly correct an error." *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026). Therefore, Petitioner was not required to exhaust his administrative remedies before seeking habeas relief. *Poot v. Mullin*, No. 5:26-CV-3321-CTS,

2026 WL 2659590, at *5 (C.D. Cal. Sept. 9, 2026) (waiving exhaustion requirement where Petitioner presented constitutional challenge to immigration judge's flight risk determination).

**B. Procedural Due Process**

Turning to Petitioner's claim that his detention has become unconstitutionally prolonged, generally, detention is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (citation modified). In assessing whether detention without a bond hearing has become unreasonable, courts consider "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) (assessing prolonged detention where noncitizen was detained under § 1226(c)); *Mohammed v. Warden of the Cal. City Det. Ctr.*, No. 1:26-CV-00118-DJC-CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (finding the "considerations identified are relevant to the due process analysis" under Section 1225(b), and applying the *Lopez* test).

These factors weigh in Petitioner's favor. As to the length of detention, he has been detained for ten months, and eight months since his last custody redetermination hearing. When detention continues beyond a year, "courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) (quoting *Muse v. Sessions*, 409 F. Supp. 3d 707, 716 (D. Minn. 2018)). Petitioner's detention has nearly reached that mark.

As to the second factor, when "removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Lopez*, 631 F. Supp. 3d at 881 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020)). The evidence here demonstrates that Petitioner's removal proceedings are likely to progress for many more months. Petitioner appealed his removal order to the BIA in October 2026, and it may take years for this appeal process to conclude. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019) (weighing in favor of petitioner on this factor because

his asylum application was pending review by the BIA and noting that this process may take up to two years or longer).

The final factor also weighs slightly in Petitioner's favor. In evaluating any delays, "the operative question should be whether the alien has been the cause of delayed immigration proceedings and, where the fault is attributable to some entity other than the alien, the factor will weigh in favor of concluding that continued detention without a bond hearing is unreasonable." *Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 2590392, at *8 (E.D. Cal. Sept. 8, 2025), *report and recommendation adopted*, No. 1:25-CV-00506-KES-SAB (HC), 2025 WL 2896218 (E.D. Cal. Oct. 11, 2025) (citation omitted). Though the evidence submitted by the parties is limited, Respondents' records show that Petitioner was detained in January 2026, yet the Government did not open removal proceedings against him until April 2026. Following the opening of proceedings, Petitioner was detained for five additional months while he waited for his merits hearing. Thus, any delay appears attributable to the Government.

On balance, these factors support Petitioner. While the Government has a strong interest in enforcing immigration laws, ensuring the presence of noncitizens at their removal proceedings, and protecting the public from danger, the governmental interest at stake is not the detention itself, but rather "the government's ability to detain [petitioner] *without a bond hearing*." *Andrews*, 2025 WL 2590392, at *8 (emphasis in original, citation omitted). This governmental interest is outweighed by the length of detention to date, the likely extent of Petitioner's future detention, and the delays in Petitioner's immigration proceedings. *See Andrews*, 2025 WL 2590392, at *8 (finding length of past detention and likely future detention alone outweighed government's interests). Accordingly, due process requires that Petitioner be provided with a bond hearing.

### C. Substantive Due Process

Petitioner also brings a substantive due process claim. Courts in this district have ordered release on substantive due process grounds where the "petitioner's present detention [was] excessive in relation to its purpose." *Sumano v. Chestnut*, No. 1:26-CV-04954-KES-CDB (HC),

2026 WL 2177112, at *7 (E.D. Cal. July 28, 2026) (ordering release where Petitioner presented unrebutted evidence that her continued detention presented a significant risk of death for both herself and her unborn fetus). Five factors are considered to assess whether detention is excessive:

> (1) the length of detention and whether it is excessive in relation to its regulatory purpose;
> (2) the government's contribution to any delay;
> (3) the evidence supporting the determination that detention is warranted to prevent flight risk or community danger;
> (4) whether the government interests in ensuring appearance at future proceedings and protecting the community could be protected through alternatives to detention that are less harsh; and
> (5) the conditions of detention and how they compare to conductions [sic] under which pretrial criminal detainees or people convicted of crimes are held.

*Doe v. Becerra*, 723 F. Supp. 3d 688, 692 (N.D. Cal. 2024).

There is not sufficient evidence here to find that Petitioner's detention is excessive in relation to its regulatory purpose. Though Petitioner's detention is lengthy, he has not submitted evidence of possible alternatives to detention. Nor has he provided any detail as to how the conditions in his detention facility compare to the conditions of state custody or evidence supporting the determination that detention is warranted to prevent flight risk or community danger. Accordingly, Petitioner's substantive due process claim is denied.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the petition is GRANTED as to Petitioner's procedural due process claim. Within fourteen (14) days of this Order, or a later date upon Petitioner's request, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release.

The Clerk of Court is directed to close this case and enter judgment for Petitioner. All pending motions are denied as moot in light of this Order.

**IT IS SO ORDERED.**

Dated: November 25, 2026

VINCE CHHABRIA
United States District Judge